UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ARMAND A. ANDREOZZI
      Petitioner,

v.                                                              Civil Action
                                                                No. 11-11813-RWZ
J. GRONDOLSKY, WARDEN,
      Respondent.

MEMORANDUM AND ORDER

ZOBEL, D.J.

BACKGROUND

On October 13, 2011, petitioner Armand A. Andreozzi ("Andreozzi"), a prisoner in custody at FMC Devens in Ayer, Massachusetts, filed a self-prepared pleading entitled "Petition for Writ of Mandamus to Compel the Defendant and his Agents Thereof, Compliance With Administrative Remedy Regulations." Petition (Docket No. 1). In brief, Andreozzi complains that the prison staff at FMC Devens is failing to comply with federal regulations with respect to the administrative grievance process.[1] He alleges that he has made numerous attempts to properly exhaust his administrative prison remedies but has been thwarted from doing so by prison staff. He also asserts his administrative grievances have not been responded to on a timely basis, that sensitive documents entrusted to prison staff have been lost, and that he has been getting "the

---

[1]Underlying this claim is Andreozzi's complaints concerning his medical care concerning his right knee. He claims that an MRI was ordered by a physician's assistant, but was later denied by prison staff. He also claims surgery is needed. In addition, Andreozzi filed a grievance concerning staff dereliction of duty with respect to processing his administrative grievance. Exhibits attached to the Complaint indicate that Andreozzi's April 15, 2011 request for informal resolution regarding the MRI and surgery issues requests were denied because his current condition would be monitored through X-rays, and because an MRI was ill-advised because of the hardware in Andreozzi's knee. It was determined that an MRI would not give a clear image of the ACL or Meniscus problems with his knee.

run-around" with respect to his attempts to exhaust administrative remedies. As a result, Andreozzi contends he is being prevented from access to the Court to bring his claims, in violation of his constitutional rights, because he is unable to exhaust his prison remedies before filing a federal lawsuit, in accordance with the exhaustion requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997e. Andreozzi seeks to have all of his mail handled by prison mailroom staff and not other inmates, so "he can only get mailed out parcels from Staff." Id. at ¶ 20. He also seeks an Order from this Court to allow him to continue his BP-9 appeal, which he claims the defendant and/or his staff "lost" on or around August 18, 2011. Further, he seeks an Order for the defendant to provide the regional office with a memorandum for loss of documents necessary to file an appeal of his grievances (in order to exhaust his administrative remedies). In short, he seeks relief in the form of an Order allowing him to exhaust fully his administrative remedies in order to file a federal lawsuit.

Andreozzi did not pay the $350.00 filing fee for this action, nor did he seek a waiver of the filing fee.

On October 14, 2011, a Service Order (Docket No. 2) applicable to habeas petitions pursuant to 28 U.S.C. § 2241 was issued, in error.

## DISCUSSION

I.   The Filing Fee

As a threshold matter, Andreozzi failed to comply with the filing fee requirements of this Court. A party bringing a civil, non-habeas action must either (1) pay the $350.00 filing fee, see 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing fee, see 28 U.S.C. § 1915 (proceedings in forma pauperis). Where, as here,

2

Andreozzi is a prisoner, a motion for waiver of prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).[2]

Unlike other civil litigants, prisoner plaintiffs/petitioners are not entitled to a complete waiver of the $350.00 filing fee, notwithstanding the grant of *in forma pauperis* status. Based on the information contained in the prison account statement, this Court would assess an initial partial filing fee and direct the appropriate prison official to withdraw that initial partial payment from the Andreozzi's account, to be followed by payments on a monthly basis until the entire $350.00 filing fee is paid in full. See 28 U.S.C. § 1915(b)(1)-(2).

Accordingly, this action shall be dismissed within 21 days of this Memorandum and Order, unless he pays the $350.00 filing fee, or alternatively, files an application to proceed *in forma pauperis* accompanied by a certified prison account statement.

The Clerk shall provide Andreozzi with the standard Application to Proceed in District Court Without Prepaying Fees or Costs.

II. <u>Vacation of the Service Order Previously Issued</u>

As noted above, the Service Order (Docket No. 2), was issued in error, because this case is <u>not</u> a habeas petition pursuant to 28 U.S.C. § 2241 and does not seek habeas relief or any relief that is habeas in nature. In light of this, the Court hereby

---

[2]The filing fee for habeas petitions is $5.00. The filing fee for non-habeas petitions (such as a petition for writ of mandamus) carries a $350.00 filing fee.

VACATES the Service Order.

The respondent/defendant is not required to file a response to the petition as directed in that Service Order. Instead, upon resolution of the filing fee issues, this Court will permit this action to proceed, by directing the issuance of a summons that may be served on the respondent/defendant in accordance with Rule 4(i) of the Federal Rules of Civil Procedure. No summons shall issue pending resolution of the filing fee issue.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. This action shall be dismissed within 21 days of this Memorandum and Order, unless petitioner pays the $350.00 filing fee, or alternatively, files an application to proceed *in forma pauperis* accompanied by his certified prison account statement; and

2. The Service Order previously entered (Docket No. 2) is VACATED. The defendant/respondent is not required to respond as directed in the Service Order; and

3. Upon resolution of the filing fee, a separate Order shall issue with respect to the issuance of a summons and service of process on the respondent/defendant.

SO ORDERED.

/s/ Rya W. Zobel
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

DATED: October 25, 2011