UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-11813-RWZ

ARMAND A. ANDREOZZI

v.

JEFFREY GRONDOLSKY

ORDER

July 19, 2012

ZOBEL, D.J.

Petitioner, Armand Andreozzi, a prisoner at the Federal Medical Center in Devens, Massachusetts ("FMC-Devens") complains that respondent Jeffrey Grondolsky, the Warden thereof, is denying him access to the courts by denying him the ability to exhaust administrative remedies. He seeks a writ of mandamus to compel respondent to comply with the Code of Federal Regulations pertaining to its processing of petitioner's complaints and requests and specifically to allow petitioner to proceed with several identified matters. Respondent has moved to dismiss the petition for failure to state a claim (Docket # 12); petitioner has moved for a default judgment (Docket # 18).

Petitioner's motion for default is denied. It proceeds on the erroneous assumption that respondent failed to " file a responsive pleading or otherwise defend" by choosing to respond to the petition with a motion rather than an answer. Fed. R. Civ. P 6(b) explicitly permits a party to assert by motion specified defenses, including

"(6) failure to state a claim upon which relief can be granted." Since the Warden responded with a motion that accords with the rule, he is not in default.

Respondent's motion to dismiss is allowed without prejudice to petitioner amending his pleading.[1] First, mandamus is an extraordinary remedy and petitioner must show that he has no other means to obtain relief. Second, he has to show that he is clearly and indisputably entitled to the writ, and finally, the court must be satisfied that the writ is appropriate before exercising its discretion to grant it. Cheney v. United States Dist. Court for the D. C., 542 U.S. 367 (2004). Because petitioner can file an action for relief from, or damages for, the alleged misconduct that gave rise to the administrative issues he seeks to raise in this proceeding, he clearly has an adequate means to obtain relief therefore. Respondent may well defend on the ground that petitioner has failed to exhaust the administrative remedies but that then allows petitioner to make precisely the points he is prematurely and improperly trying to raise now.

Petitioner's motion for default judgment (Docket # 18) is DENIED. Respondent's motion to dismiss (Docket # 12) is ALLOWED, and the complaint is dismissed without prejudice. Petitioner may file an amended complaint that complies with this order by August 10, 2012. In default thereof, judgment will be entered dismissing the complaint.

---

[1] Plaintiff requested additional time to oppose the motion which was granted. However, no formal opposition was filed, apparently because plaintiff assumed that defendant was in default. Nonetheless, the ruling on the motion to dismiss is on the merits; it is not based on the failure to oppose.

|       July 19, 2012       |       /s/Rya W. Zobel       |
|           DATE            |        RYA W. ZOBEL         |
|                           | UNITED STATES DISTRICT JUDGE |