UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-11813-RWZ

ARMAND A. ANDREOZZI

v.

JEFFREY GRONDOLSKY, *et al.*

MEMORANDUM OF DECISION

August 2, 2013

ZOBEL, D.J.

Pro se petitioner/plaintiff Armand Andreozzi ("Andreozzi") is a federal inmate currently incarcerated at the Federal Correctional Institution - McKean in Bradford, Pennsylvania. Andreozzi was formerly in custody at the Federal Medical Center in Devens, Massachusetts ("FMC-Devens"), and filed this action complaining of conduct by that facility's staff. Several motions are now before me for adjudication.

## I. Background

On October 13, 2011, Andreozzi filed a self-prepared petition for a writ of mandamus (Docket # 1) to compel respondent/defendant Jeffrey Grondolsky ("Grondolsky"), warden of FMC-Devens, to comply with the Code of Federal Regulations pertaining to the processing of his complaints and requests. Specifically, Andreozzi asserted that his administrative grievances regarding medical care had not received timely responses, that sensitive documents entrusted to prison staff had been lost, and that he was getting "the run-around" with respect to his attempts to exhaust

administrative remedies. As a result, Andreozzi contended he was denied access to judicial review of his claims because he could not exhaust his prison remedies before filing a federal lawsuit in accordance with the requirements of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e.[1]

Grondolsky moved to dismiss the petition for failure to state a claim (Docket # 12), which I allowed without prejudice on July 19, 2012 (Docket # 21). I ruled that Andreozzi had not demonstrated entitlement to a writ of mandamus because he had other adequate means to obtain relief; namely, he could file an action for relief from, or damages for, the alleged misconduct underlying his administrative grievances and, if necessary, make his arguments regarding exhaustion therein. By the same order, I denied Andreozzi's motion for default (Docket # 18).

On September 10, 2012, Andreozzi filed a response (Docket ## 25 and 26) to my order in which he moves, pursuant to Fed. R. Civ. P. 60, "for relief from judgment or order for failure to state a claim, default judgment and writ of mandamus." Also incorporated into his response is a request for appointed counsel[2] and an "amended complaint" presenting new claims and adding several FMC-Devens staff members as defendants. Grondolsky moves to dismiss the amended complaint, again, for failure to state a claim (Docket # 31). Andreozzi, in turn, appears to seeks summary judgment (Docket # 39).

---

[1] Andreozzi, in his petition, did not seek a ruling as to the merits of his underlying medical claims that were the subject of his exhaustion efforts.

[2] I denied the motion to appoint counsel on October 1, 2012 (Docket # 28).

2

## II. Discussion

**A. Andreozzi's Motion for Relief from Judgment.**

A Rule 60(b) motion for relief from judgment, often referred to as a motion for reconsideration, is allowed only under "extraordinary circumstances," <u>Davila-Alvarez v. Escuela de Medicina Universidad Central del Caribe</u>, 257 F.3d 58, 63 (1st Cir. 2001), and courts have "substantial discretion and broad authority to grant or deny" such motions, <u>Ruiz Rivera v. Pfizer Pharmaceuticals, LLC</u>, 521 F.3d 76, 81 (1st Cir. 2008). The rule provides several grounds for relief, including "mistake inadvertence, surprise, or excusable neglect," "newly discovered evidence," or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). "[S]imple disagreement with the court's decision is not a basis for reconsideration." <u>Ofori v. Ruby Tuesday, Inc.</u>, 205 Fed.Appx. 851, 852-53 (1st Cir. 2006). Andreozzi raises several objections to the court's July 19, 2012, order, none of which justify a different outcome.

Andreozzi first contends that the court misinterpreted his arguments for default in ruling that Grondolsky's motion to dismiss the petition was a sufficient responsive pleading.[3] He asserts that his motion for default was not directed at any failure by Grondolsky to respond to his initial petition for mandamus; rather, he insists default is warranted because Grondolsky failed "to oppose or defend against" his response to the motion to dismiss. In short, Andreozzi faults Grondolsky for not filing a reply memorandum to counter his opposition to dismissal. This stance misreads the Rules of

---

[3] Andreozzi is correct in noting that the court's order erroneously cited to Fed. R. Civ. P. 6(b), which has to do with computing and extending time and is not relevant to the default issue. The correct citation is Fed. R. Civ. P. 12(b), on presenting defenses.

Civil Procedure and is without merit.  A default under Fed. R. Civ. P. 55(a) addresses a situation in which a party has failed to plead or otherwise defend against a complaint, counterclaim, or other claim for affirmative relief.  Rule 55(a) does not apply to reply memoranda, which the Federal Rules do not require and in fact may be submitted only with leave of the court.  See Local Rule 7.1(b)(3).  Default is not appropriate here.

Andreozzi's arguments regarding the dismissal of the petition and denial of mandamus are similarly unpersuasive.  He misconstrues the July 9, 2012, ruling on Grondolsky's motion to dismiss, which I indicated was "on the merits" rather than on any failure to oppose.  Andreozzi apparently takes this to mean that the order was a decision on the "merits" of his underlying grievances, even though he did not raise such issues to the court.  That is not correct.  The order was based on the merits of Andreozzi's claim for mandamus, not his alleged problems with medical care at FMC-Devens.  In his 60(b) motion, Andreozzi presents no new evidence, error of law, or other adequate reason to revisit the ruling.  Instead, he merely expresses disagreement with the court's decision and concludes, without support, that he "meets the standard for the extraordinary remedy" of mandamus.  Docket # 25 at 4.  He does not.

Andreozzi's motion for relief from judgment is denied.

### B.  Andreozzi's Amended Complaint and Grondolsky's Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The facts pleaded must allow the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged. Id. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id.

In his amended complaint, Andreozzi advances claims in four counts: (I) denial of access to the courts; (II) negligence and deliberate indifference to his medical needs and treatment with respect to his right knee; (III) negligence and deliberate indifference to his medical needs and treatment with respect to chronic care treatment; and (IV) negligence and deliberate indifference to his medical needs and treatment with respect to his medications.[4] In addition to Grondolsky, the amended complaint lists five new defendants – all members of the FMC-Devens prison staff – by last name and title: Howard (hospital administrator), Spalding (associate warden, medical), Bernett (staff medical doctor), Russel (associate warden, programs), and Hutton (unit manager).[5] Andreozzi seeks "actual, punitive, future, decla[ra]tory, and injunctive relief on all claims." Docket # 25 at 6. I indicated in an order on October 1, 2012, that, in light of Andreozzi's pro se status, the amended complaint will be deemed to incorporate the factual allegations of his original petition for writ of mandamus (Docket # 1) and his response to a prior order from the court (Docket # 6).

Grondolsky moves to dismiss the amended complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), but his memorandum in support addresses only Count I,

---

[4] The amended complaint labels these as "Claims" but I will refer to them as "Counts."

[5] Andreozzi indicates that the first names of these additional defendants are unknown to him. In a subsequent filing (Docket # 39), Andreozzi clarifies that all defendants are being sued in both their official and individual capacities.

denial of access to the courts.[6]  Count I is, in essence, a reiteration of the claims made in the mandamus petition: Andreozzi alleges that defendants "willfully, purposely, and maliciously" failed to comply with federal regulations and institutional procedures in addressing his medical grievances, thereby denying him the ability to exhaust his administrative remedies and access the courts.  Relying on the Supreme Court's decision in Lewis v. Casey, 518 U.S. 343, 349-355 (1996), Grondolsky argues that Andreozzi cannot bring a freestanding claim for denial of access to the courts without showing actual injury, i.e., "a nonfrivolous legal claim [that] had been frustrated or was being impeded." Id. at 353.[7]  Here, Andreozzi has not alleged that he has actually been prevented from pursuing a non-frivolous claim in court.  See Ellis v. Viles, CIV.A. 09-40001-PBS, 2010 WL 6465282, at *4 (D. Mass. Aug. 26, 2010 report and recommendation adopted, 4:09-CV-40001, 2011 WL 1344551 (D. Mass. Mar. 3, 2011) (dismissing access-to-the-courts claim where inmate plaintiff "alleged no actual injury of the type described in the case law, i.e., the dismissal of an otherwise meritorious claim resulting from [prison official's] refusal to give him grievance forms.").  Indeed, until he submitted the amended complaint, he had not attempted to file any federal claim

---

[6] Grondolsky's memorandum appears to be identical in substance to the memorandum submitted in support of his previous motion to dismiss to Andreozzi's petition for a writ of mandamus.

[7] Regarding "actual injury," the Supreme Court has stated:

> [W]e must observe that the injury requirement is not satisfied by just any type of frustrated legal claim.  Nearly all of the access-to-court cases in the Bounds line involved attempts by inmates to pursue direct appeals from the convictions for which they were incarcerated . . . or habeas petitions. . .  In Wolff v. McDonnell, 418 U.S. 539 (1974), we extended this universe of relevant claims only slightly, to "civil rights actions" - i.e., actions under 42 U.S.C. 1983 to vindicate "basic constitutional rights."  418 U.S. at 579.

Lewis, 518 U.S. at 354.

challenging the medical care he had received.

Andreozzi is correct that the PLRA requires that prisoners complaining of prison conditions exhaust available administrative remedies prior to filing an action under federal law. 42 U.S.C. § 1997e(a). However, the exhaustion requirement is an affirmative defense to be raised and proven by defendants, "not a prerequisite to federal jurisdiction." Casanova v. Dubois, 289 F. 3d 142, 146-47 (1st Cir. 2002). See also Jones v. Bock, 549 U.S. 199, 216 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); Woodford v. Ngo, 548 U.S. 81, 101 (2006) (noting that "the PLRA exhaustion requirement is not jurisdictional"). That Andreozzi may have been improperly precluded by prison staff from exhausting his administrative remedies does not create a claim for denial of access to the courts. Rather, it gives him grounds to argue later, if defendants were to raise failure to exhaust as a defense, that the requirement should be excused. See, e.g., Beltran v. O'Mara, 405 F. Supp. 2d 140, 154 (D.N.H. 2005) ("Defendants may become estopped from asserting an inmate's failure to exhaust as a defense under the PLRA, then, by interfering with an inmate's efforts to pursue administrative remedies."); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (holding that "a remedy that prison officials prevent a prisoner from 'utiliz[ing]' is not an 'available' remedy under § 1997e(a)"); Wappler v. Kleinsmith, No. 1:08-cv-595, 2010 WL 707339, at * 5 (W.D. Mich. Feb. 22, 2010) (dismissing inmate's access-to-the-courts claim because "[i]f Plaintiff were improperly denied access to the grievance process, the process would be rendered unavailable,

7

and exhaustion would not be a prerequisite for initiation of a civil rights action."). Count I is therefore dismissed with prejudice.

As to the remaining counts – alleging various incidents of negligence and deliberate indifference to Andreozzi's medical needs and treatment – the amended complaint itself provides very little information.[8] There is no recitation of facts, and Counts II, III, and IV merely state, without elaboration, that defendants denied Andreozzi care. See Docket # 25 at 5-6 ("Defendant and his agents denied all medical treatment for Plaintiff[']s right knee"; "Defendant and his agents arbitrarily removed Plaintiff from chronic care treatment"; "Defendant and his agents arbitrarily denied all medications to Plaintiff."). Even incorporating the allegations from Andreozzi's prior petition and response, and construing the pleadings liberally in his favor, it is difficult to identify what each defendant has allegedly done with respect to Andreozzi's medical treatment and how it harmed him.[9] He eventually provides more details in his opposition to Grondolsky's motion to dismiss, Docket # 39 (also styled as a motion for summary judgment), but my willingness to incorporate additional pleadings into the amended complaint is at its limit.[10] Defendants should not be forced to rummage through multiple pleadings of varying stripes in order to decipher and piece together

---

[8] Though not stated in the amended complaint, Andreozzi is presumably alleging violations of his Eighth Amendment rights pursuant to Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics, 403 U.S. 388 (1971).

[9] In fact, it appears that most of the named defendants are only implicated in Andreozzi's allegations regarding Count I, which has now been dismissed.

[10] Moreover, as I noted in my October 1, 2012, order (Docket # 28), Andreozzi's amended complaint includes a certificate of service on counsel for Grondolsky, but makes no suggestion of service on the added defendants.

the accusations against them. Cf. Twombly, 550 U.S. at 555 (a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.") (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Grondolsky does not acknowledge, much less discuss, Counts II, III, and IV in his motion to dismiss. Nonetheless, given the sparseness of the amended complaint and disjointed manner in which Andreozzi presents his allegations, the motion to dismiss them pursuant to Fed. R. Civ. P. 12(b)(6) is allowed. However, Andreozzi is granted one more opportunity to amend or otherwise address the deficiencies of his pleadings. See Wyatt v. City of Boston, 35 F. 3d 13, 14-15 (1st Cir. 1994) ("[A] district court may, in appropriate circumstances, note the inadequacy of the complaint and, on its own initiative, dismiss the complaint. Yet a court may not do so without at least giving plaintiffs notice of the proposed action and affording them an opportunity to address the issue.") (quoting Literature, Inc. v. Quinn, 482 F.2d 372, 374 (1st Cir. 1973)). If Andreozzi wishes to proceed on his claims, he should file an amended complaint consolidating his scattered allegations into a pleading that comports with Fed. R. Civ. P. 8(a) and Iqbal and Twombly.

### C. Andreozzi's Remaining Motions

On January 10, 2013, Andreozzi filed a motion to stay proceedings (Docket # 36) because he had suffered an elbow injury and was in recovery in a special housing unit ("SHU"), where he did not have access to the law library. He has since notified the court (Docket # 37) that he is no longer in SHU and is available to proceed with his case, rendering the motion to stay moot.

On April 8, 2013, Andreozzi submitted a document entitled "Plaintiff[']s Response to 1 October 2012 Order and Defendant[']s Motion to Dismiss for Failure to State a Claim" (Docket # 39).  This document not only opposes Grondolsky's motion to dismiss the amended complaint, but also purports to be a motion for summary judgment under Fed. R. Civ. P. 56 and includes a declaration in support.  Given the vulnerable status of the amended complaint, I find Andreozzi's request for summary judgment is premature for this stage of the litigation.  The motion is denied without prejudice.

### III. CONCLUSION

Based on the foregoing:

1.  Andreozzi's Motion for Relief From Judgment or Order for Failure to State a Claim, Default Judgment, and Writ of Mandamus Pursuant to Fed. R. Civ. P. 60 (Docket # 25) is DENIED.

2.  Respondent's Motion to Dismiss for Failure to State a Claim (Docket # 31) is ALLOWED WITH PREJUDICE as to Count I.  As to the remaining counts, Andreozzi may file an amended complaint that complies with this order by August 23, 2013.  If plaintiff does not submit an amended complaint by that date, the action will be dismissed.

3.  Andreozzi's Motion for Stay of Proceedings (Docket # 36) is DENIED as moot.

4.  Andreozzi's motion for summary judgment (Docket # 39) is DENIED as premature.

SO ORDERED.

|  |  |
|---|---|
| August 2, 2013 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |